# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 19, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**WILLIAM CHAFIN,**
**Claimant Below, Petitioner**

**vs.)** **No. 11-1458** (BOR Appeal No. 2045696)
(Claim No. 2005034854)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**INDEPENDENCE COAL COMPANY, INC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Chafin, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner in its capacity as the Administrator of the Old Fund, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2011, in which the Board affirmed a March 9, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 1, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Chafin was employed as a mine supervisor for Independence Coal Company, Inc. on March 14, 2005, when he sustained an injury to his lumbar region after falling down some stairs.

1

Mr. Chafin's claim was held compensable. He received treatment and was rated for permanent partial disability. Treatment notes from Dr. Raja on May 24, 2006, indicate that Mr. Chafin was no longer complaining of low back pain. In March of 2010, Mr. Chafin began suffering back pain. He was diagnosed with a massive central disc herniation at L5-S1 with obliteration of the thecal sac and in urgent need of surgery for an L5-S1 fusion. Mr. Chafin filed a reopening application, claiming an aggravation or a progression of the March 14, 2005, injury.

The Office of Judges found that the weight of the evidence in this case showed that the lumbar surgery was not reasonably required medical treatment in connection with the compensable injury of March 14, 2005. The Office of Judges noted that nothing in the record from either Dr. Hill or Dr. Osborne linked Mr. Chafin's condition in 2010 to the compensable injury of March 14, 2005. Mr. Chafin was pain free on May 24, 2006, and the ongoing treatment from that time until the surgery was not substantial. Also, Mr. Chafin was found to have reached maximum medical improvement and compensated for a permanent partial impairment for the March 14, 2005, injury.

The Board of review reached the same reasoned conclusion. We agree with the reasoning and conclusions of the Office of Judges and the Board of Review that the lumbar fusion was not reasonably required due to the March 14, 2005, compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 19, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin disqualified